# EXHIBIT 1

# Award
## FINRA Dispute Resolution

In the Matter of the Arbitration Between:

Name of the Claimant
Patricia E. Murphy

Case Number: 06-03931

Names of the Respondents
James T. Patten
Greater Metropolitan Investment Services, Inc.
T.R. Winston & Co., LLC
Empire Financial Group, Inc.
Charles John Sinko
Chintaman M. Dalvi

Hearing Site: Raleigh, NC

Nature of the Dispute: Customer vs. Member and Associated Person.

## REPRESENTATION OF PARTIES

For Patricia E. Murphy, hereinafter referred to as "Claimant": Andrew O. Whiteman, Esq., Hartzell & Whiteman, LLP, Raleigh, North Carolina.

For James T. Patten, ("Patten"): Richard C. Szuch, Esq., Bressler, Amery & Ross, P.C., Morristown, New Jersey.

For Greater Metropolitan Investment Services, Inc., ("Greater Metropolitan"): James Patten, President, Greater Metropolitan Investment Services, Inc., Morristown, NJ.

For T.R. Winston & Co., LLC, ("T.R. Winston"): Eden L. Rohrer, Esq., Ellenoff Grossman & Schole LLP, New York, New York.

For Empire Financial Group, Inc., ("Empire Financial"): Todd Zuckerbrod, General Counsel, Empire Financial, New York, New York.

For Charles John Sinko ("Sinko") and Chintaman M. Dalvi ("Dalvi"): Sheryl M. Goski, Esq., Herold and Haines, P.A., Warren, New Jersey.

Respondents Patten, Greater Metropolitan, T.R. Winston, Empire Financial, Sinko, and Dalvi, will hereinafter be collectively referred to as "Respondents".

## CASE INFORMATION

Statement of Claim filed on or about: August 28, 2006.
Amended Statement of Claim filed on or about: October 20, 2006.
Claimant signed the Uniform Submission Agreement: August 22, 2006.
Statement of Answer filed by Respondent Patten on or about: November 28, 2006.
Respondent Patten signed the Uniform Submission Agreement: November 20, 2006.

Respondent Greater Metropolitan did not file a Statement of Answer.
Respondent Greater Metropolitan signed the Uniform Submission Agreement: November 20, 2006.
Statement of Answer filed by Respondent T.R. Winston on or about: December 22, 2006.
Respondent T.R. Winston signed the Uniform Submission Agreement: December 20, 2006.
Statement of Answer filed by Respondent Empire Financial on or about: December 15, 2006.
Respondent Empire Financial signed the Uniform Submission Agreement: December 27, 2006.
Statement of Answer filed by Respondents Sinko and Dalvi on or about: January 5, 2007.
Respondent Sinko signed the Uniform Submission Agreement: March 2, 2007.
Respondent Dalvi signed the Uniform Submission Agreement: March 2, 2007.
Motion for Summary Judgment filed by Respondents Sinko and Dalvi on or about: November 5, 2007.
Claimant's Response to Motion for Summary Judgment filed on or about: November 26, 2007.

## CASE SUMMARY

Claimant asserted the following causes of action: 1) violation of the North Carolina Securities Act; 2) violation of the New Jersey Uniform Securities laws; 3) fraud; 4) negligence and negligent misrepresentation; 5) breach of fiduciary duty; 6) unsuitability; 7) unauthorized trading; 8) churning; and, 9) failure to supervise. The causes of action relate to the purchase and sale of various securities including, but not limited to, Pilot Therapeutics, Macromedia, XM Satellite, Lifen/Crdentia, Trade Winds Comm., and Bodyguard Records in Claimant's account.

Unless specifically admitted in their respective Answers, Respondents Patten, T.R. Winston, Empire Financial, Sinko, and Dalvi denied the allegations made in the Statement of Claim, as amended, and asserted various affirmative defenses.

## RELIEF REQUESTED

Claimant requested compensatory damages of $1,400,707.38, interest at the legal rate, costs, punitive damages, attorneys' fees, and such other and further relief the undersigned arbitrators (the "Panel") deemed just and proper.

Respondent Patten requested that all claims of Claimant be dismissed with prejudice and that all fees and costs be assessed to Claimant.

Respondent T. R. Winston requested dismissal of the Statement of Claim, as amended, costs, and, attorneys' fees.

Respondent Empire requested dismissal of the Statement of Claim, as amended, in its entirety, costs, attorneys' fees, and such other and further relief as the Panel deemed appropriate.

Respondents Sinko and Dalvi requested dismissal of the Statement of Claim, as amended, costs, and attorneys' fees.

## OTHER ISSUES CONSIDERED AND DECIDED

In their Motion for Summary Judgment, Respondents Sinko and Dalvi asserted, among other things, the following: summary judgment should be granted because there are no genuine issues of material fact in dispute; Respondents Sinko and Dalvi did not violate New Jersey Uniform Securities laws because they are not control persons within the meaning of the statutes; Respondents Sinko and Dalvi did not act fraudulently because they did not make any misrepresentations nor did they fail to disclose any information; and, Respondents Sinko and Dalvi did not act negligently or make negligent misrepresentations. In her response, Claimant asserted, among other things, the following: Respondents Sinko and Dalvi supervised the trades relative to the transactions at issue and had the ability to control or address Claimant's allegations; Respondent Sinko had supervisory responsibility over Respondent Patten and can be held liable for Respondent Patten's misconduct; and, Respondent Dalvi was the branch manager at all three member firms named in this case and had supervisory responsibility over Respondent Patten. On or about December 19, 2007, the Panel issued an order which denied Respondents Sinko's and Dalvi's Motion for Summary Judgment.

During the evidentiary hearing, Claimant dismissed her claims against Respondent Sinko, with prejudice.

Respondent Greater Metropolitan did not appear at the evidentiary hearing. Upon review of the file and the representations made by/on behalf of the Claimant, the Panel determined that Respondent Greater Metropolitan has been properly served with the Statement of Claim, as amended, and received due notice of the hearing, and that arbitration of the matter would proceed without said Respondent present, in accordance with the Code of Arbitration Procedure (the "Code").

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions (if any), the Panel has decided in full and final resolution of the issues submitted for determination as follows:

Respondents Patten and Greater Metropolitan are liable, jointly and severally, and shall pay to Claimant compensatory damages in the sum of $753,417.50 plus interest at the rate of 6% per annum accruing from January 31, 2008 until the date of payment of the Award.

Respondents Patten, Dalvi, and T.R. Winston are liable, jointly and severally, and shall pay to Claimant compensatory damages in the sum of $255,000.00 plus interest at the rate of 6% per annum accruing from January 31, 2008 until the date of payment of the

Award.

Respondents Patten, Dalvi, and Empire are liable, jointly and severally, and shall pay to Claimant compensatory damages in the sum of $130,000.00 plus interest at the rate of 6% per annum accruing from January 31, 2008 until the date of payment of the Award.

Respondents Patten, Greater Metropolitan, T.R. Winston, Empire, and Dalvi are liable, jointly and severally, and shall pay to Claimant costs in the sum of $26,924.00.

Respondents Patten, Greater Metropolitan, T.R. Winston, Empire, and Dalvi are liable, jointly and severally, and shall pay to Claimant the sum of $500.00 representing reimbursement of the claim filing fee previously paid by Claimant to FINRA Dispute Resolution.

Any and all requests for relief not specifically addressed herein, including Claimant's requests for punitive damages and attorneys' fees and Respondents T.R Winston's, Empire's, and Sinko's requests for attorneys' fees, are denied.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees
FINRA Dispute Resolution will retain or collect the non-refundable filing fees for each claim:

| | |
|---|---|
| Initial claim filing fee | = $ 500.00 |

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the event giving rise to the dispute. Accordingly, Respondents T.R. Winston and Empire Financial are member firms and parties. Respondent Greater Metropolitan is not currently a member firm of FINRA but, having filed a Uniform Submission Agreement and participated in this matter, is assessed the following member fees.

Respondent T.R. Winston:
| | |
|---|---|
| Member surcharge | = $2,800.00 |
| Pre-hearing process fee | = $ 750.00 |
| Hearing process fee | = $5,000.00 |
| Total Member Fees | =$8,550.00 |

Respondent Empire Financial:
| | |
|---|---|
| Member surcharge | = $2,800.00 |
| Pre-hearing process fee | = $ 750.00 |
| Hearing process fee | = $5,000.00 |
| Total Member Fees | =$8,550.00 |

Respondent Greater Metropolitan:
| | |
|---|---|
| Member surcharge | = $2,800.00 |

| | |
|---|---|
| Pre-hearing process fee | = $ 750.00 |
| Hearing process fee | = $5,000.00 |
| Total Member Fees | =$8,550.00 |

### Adjournment Fees
Adjournments granted during these proceedings for which fees were assessed:

No adjournment fees were incurred in this proceeding.

### Three-Day Cancellation Fees
Fees apply when a hearing on the merits is postponed or settled within three business days before the start of a scheduled hearing session:

No cancellation fees were incurred in this proceeding.

### Injunctive Relief Fees
Injunctive relief fees are assessed to each member or associated person who files for a temporary injunction in court. Parties in these cases are also assessed arbitrator travel expenses and costs when an arbitrator is required to travel outside his or her hearing location and additional arbitrator honoraria for the hearing for permanent injunction. These fees, except the injunctive relief surcharge, are assessed equally against each party unless otherwise directed by the panel.

No injunctive relief fees were incurred in this proceeding.

### Forum Fees and Assessments
The Panel has assessed forum fees for each session conducted or each decision rendered on either a discovery-related motion on the papers or a contested motion for the issuance of a subpoena. A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

Two (2) Pre-hearing sessions with the Panel @ $1,200.00/session = $ 2,400.00
Pre-hearing conferences:  February 28, 2007   1 session
                          March 1, 2007       1 session

Fifteen (15) Hearing sessions @ $1,200.00/session = $18,000.00
Hearing Dates:
    January 22, 2008    2 sessions
    January 23, 2008    2 sessions
    January 24, 2008    2 sessions
    January 25, 2008    2 sessions
    January 29, 2008    2 sessions
    January 30, 2008    3 sessions
    January 31, 2008    2 sessions

Total Forum Fees = $20,400.00

The Panel has assessed the total forum fees of $20,400.00 jointly and severally to Respondents Patten, Greater Metropolitan, T.R. Winston, Empire, and Dalvi.

## Administrative Costs

Administrative costs are expenses incurred due to a request by a party for special services beyond the normal administrative services. These include, but are not limited to, additional copies of arbitrator awards, copies of audio transcripts, retrieval of documents from archives, interpreters, and security.

No administrative costs were incurred in this proceeding.

## Fee Summary

Claimant is solely liable for:

| | |
|---|---|
| Initial Filing Fee | = $ 500.00 |
| Total Fees | = $ 500.00 |
| Less payments | = $ 500.00 |
| Balance Due FINRA Dispute Resolution | = $ 0.00 |

Respondent Greater Metropolitan is solely liable for:

| | |
|---|---|
| Member Fees | = $ 8,550.00 |
| Total Fees | = $ 8,550.00 |
| Less payments | = $ 0.00 |
| Balance Due FINRA Dispute Resolution | = $ 8,550.00 |

Respondent T.R. Winston is solely liable for:

| | |
|---|---|
| Member Fees | = $ 8,550.00 |
| Total Fees | = $ 8,550.00 |
| Less payments | = $ 8,550.00 |
| Balance Due FINRA Dispute Resolution | = $ 0.00 |

Respondent Empire is solely liable for:

| | |
|---|---|
| Member Fees | = $ 8,550.00 |
| Total Fees | = $ 8,550.00 |
| Less payments | = $ 8,550.00 |
| Balance Due FINRA Dispute Resolution | = $ 0.00 |

Respondents Patten, Greater Metropolitan, T.R. Winston, Empire, and Dalvi are jointly and severally liable for:

| | |
|---|---|
| Forum Fees | = $20,400.00 |
| Total Fees | = $20,400.00 |
| Less payments | = $ 0.00 |
| Balance Due FINRA Dispute Resolution | = $20,400.00 |

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

## ARBITRATION PANEL

| | | |
|---|---|---|
| Leon Henderson, Jr. | - | Public Arbitrator, Presiding Chairperson |
| Alan L. Berger | - | Public Arbitrator |
| Donald Cornelius Morrison, Sr. | - | Non-Public Arbitrator |

## Concurring Arbitrators' Signatures

_____/s/_____
Leon Henderson, Jr.                                    Signature Date
Public Arbitrator, Presiding Chairperson

_____/s/_____
Alan L. Berger                                         Signature Date
Public Arbitrator

_____/s/_____
Donald Cornelius Morrison, Sr.                         Signature Date
Non-Public Arbitrator

February 6, 2008
Date of Service (For FINRA Dispute Resolution use only)

## Concurring Arbitrators' Signatures

*Leon Henderson, Jr.* (signature)
Leon Henderson, Jr.
Public Arbitrator, Presiding Chairperson

2/5/08
Signature Date

_____
Alan L. Berger
Public Arbitrator

_____
Signature Date

_____
Donald Cornelius Morrison, Sr.
Non-Public Arbitrator

_____
Signature Date

_____
Date of Service (For FINRA Dispute Resolution use only)

## Concurring Arbitrators' Signatures

_____    _____
Leon Henderson, Jr.        Signature Date
Public Arbitrator, Presiding Chairperson

*/s/ Alan L. Berger*        2-6-08
Alan L. Berger             Signature Date
Public Arbitrator

_____    _____
Donald Cornelius Morrison, Sr.   Signature Date
Non-Public Arbitrator

_____
Date of Service (For FINRA Dispute Resolution use only)

## Concurring Arbitrators' Signatures

_____
Leon Henderson, Jr.
Public Arbitrator, Presiding Chairperson

_____
Signature Date


_____
Alan L. Berger
Public Arbitrator

_____
Signature Date


*[signature: Donald Cornelius Morrison SR.]*
Donald Cornelius Morrison, Sr.
Non-Public Arbitrator

**2-5-08**
Signature Date


_____
Date of Service (For FINRA Dispute Resolution use only)